IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MITCHELL W.,**[1]

                        Plaintiff,                  Civ. No. 3:19-cv-00497-HZ

     v.                                                **OPINION AND ORDER**

**ANDREW SAUL**, Acting
Commissioner of Social Security

                        Defendant.

---

**HERNANDEZ, District Judge:**

    Plaintiff Mitchell W. ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons below, the Commissioner's final decision is affirmed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

Page 1 – OPINION AND ORDER

# BACKGROUND

Plaintiff filed his application for DIB on January 21, 2016, alleging disability as of November 17, 2016. Tr. 62. He was 37 years old on his application date and is thus defined as a younger individual. Plaintiff has a high school education and past work as a corrections officer and as a surveillance systems monitor. He alleges disability due to PTSD, extreme anxiety, depression, diabetes, ADHD, neuropathy, seizures, and concussions. Tr. 123.

After his claims were denied initially and upon reconsideration, he requested a hearing. Tr. 62. An administrative hearing was held on December 21, 2017 before an administrative law judge (ALJ). Tr. 73. In a written decision, the ALJ denied Plaintiff's claims for benefits. Tr. 62-72. The Appeals Council denied Plaintiff's subsequent petition for review, rendering the ALJ's decision final. Tr. 1-4. This appeal followed.

# STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. Davis v. Heckler, 868 F.2d 323, 326 (9th Cir. 1989).

**DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. See 20 C.F.R. § 404.920(a)(4) (2012). The burden of proof rests upon the claimant at steps one through four, and with the Commissioner at step five. Id.; Bustamante v. Massanari, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. Id. If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. Id.; see also Bustamante, 262 F.3d at 953–54.

The ALJ performed the sequential evaluation. At step one, the ALJ found that Plaintiff had not performed substantial gainful activity since his alleged onset date of November 17, 2015. Tr. 64. At step two, the ALJ found Plaintiff had the severe impairments of anxiety/posttraumatic stress disorder, depression, and a history of pseudo seizures. Tr. 64.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled any listings, specifically considering the criteria of listings 12.04 and 12.06. Tr 65; 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to step four, the ALJ determined that Plaintiff's RFC allowed him to do a full range of work with the limitations that he can never climb ladders, ropes or scaffolds; that he would need to avoid unprotected heights, moving machinery and similar hazards; and that he can perform only simple, repetitive, routine tasks. Tr. 66.

At step four, the ALJ found that Plaintiff was capable of performing his past relevant work as a surveillance systems monitor, which he determined does not require the performance of work-related activities precluded by Plaintiff's RFC. Tr. 71. In the alternative, the ALJ found that based on Plaintiff's age, education, work experience, and RFC, he could perform other work that existed in significant numbers in the national economy, including hospital housekeeper, floor cleaner, and office cleaner. Tr. 72. The ALJ therefore concluded that Plaintiff was not disabled. Tr. 72.

Plaintiff contends the ALJ erred by (I) failing to find that his combined impairments met a Listing at step three; (II) failing to properly evaluate his subjective symptom testimony; (III) improperly evaluating the medical evidence; and (IV) improperly rejecting the lay witness testimony.

## I.  Step Three Findings

Plaintiff first argues that the ALJ erred at step three by declining to find that he meets a Listed Impairment. Specifically, Plaintiff argues that his combined impairments satisfy the requirements of Listings 12.04 and 12.06.

Under the Act, the requirements of the Listings are set "at a higher level of severity than the statutory standard" for disability. Sullivan v. Zebley, 493 U.S. 521, 532 (1990). To show that his impairments meet Listing 12.04 or 12.06, a claimant must show an extreme limitation in one, or marked limitation in two, of the following functional areas (also called the "Paragraph B" criteria): (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; (4) adapt or manage oneself. 20 C.F.R. Part 404, Subpt. P, App. 1, 12.04(B), 12.06(B). Here, the ALJ found Plaintiff was moderately limited because he had normal auditory learning and memory capacity, but mild to moderate impairment in fluency trials on examination. Tr. 65, 964. The ALJ also found that Plaintiff's social limitations were mild, and that

he was moderately limited in concentration and attention. Tr. 270, 272, 963. Finally, the ALJ reasoned that Plaintiff was only mildly limited in his ability to adapt and manage himself. Tr. 268. On this record, the ALJ properly concluded that Plaintiff did not meet a listing at step three.

Plaintiff argues that the medical evidence contradicts these findings, showing that he had marked or extreme limitations in all of the Paragraph B criteria. To support this claim Plaintiff cites the opinion of Heather Weaver, LCP, LMFT. However, the ALJ rejected Ms. Weaver's opinion, a conclusion that Plaintiff did not contest in his opening brief.[2] On this record, the ALJ properly found that Plaintiff did not meet Listing 12.04 or 12.06 at step three.

## II.     Subjective Symptom Testimony

Plaintiff next argues the ALJ improperly rejected his subjective symptom testimony. At the administrative hearing, Plaintiff testified that he was completely disabled by his mental symptoms, that medications were "not really helpful" in managing his symptoms and that he was "extremely anxious all the time" with out-of-control depression. Tr. 95.

The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014). Here, the ALJ rejected Plaintiff's testimony to the extent it conflicted with the RFC. The ALJ first noted that Plaintiff's daily activities, notably his ability to work, undermined his testimony that he was completely disabled due to his impairments. Tr. 67. A claimant's activities can be grounds for discrediting a claimant's testimony to the extent that they contradict claims of a totally debilitating impairment. Molina v. Astrue, 674 F.3d 1104, 1112-13 (9th Cir. 2012). In his application for benefits, Plaintiff claimed that he stopped working as a corrections officer in November 2015 due

---

[2] In his Reply Brief, Plaintiff makes several novel allegations of error that the Court does not address here because they were not properly raised in his Opening Brief.

to anxiety, PTSD, and seizures. Tr. 226. According to his treatment records, however, Plaintiff suffered from these conditions for years prior to the date he stopped work. Tr. 361. While Plaintiff's treatment provider advised him to look for less stressful work, he never appeared to do so, even though record evidence indicates that Plaintiff's symptoms were controlled within a "relatively stress-free environment." Tr. 975. While Plaintiff claimed that his impairments prevented him from going places, he also indicated that he left the house at least twice a day to take his children to and from school. Tr. 268. This evidence, especially Plaintiff's failure to seek less stressful work, lends some support to the ALJ's rejection of Plaintiff's testimony. Molina, 674 F.3d at 1112-13.

The ALJ also found that Plaintiff's mental symptoms improved with treatment. Tr. 68. The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3). Further, contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective symptom testimony. Carmickle v. Comm'r, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, although Plaintiff claimed that his medications were "not really helpful" in managing his psychological symptoms and that he was "extremely anxious all the time" with out-of-control depression, he told treatment providers that he saw a "benefit" from his medications, including improvement in his anxiety and PTSD symptoms. Tr. 95, 975. Plaintiff acknowledged to a treatment provider that his medications "seem to help," and reported "doing well" to the extent that he shared "aspirations to return to work in the near future." Tr. 975. On this record, it was reasonable for the ALJ to assign less weight to Plaintiff's testimony of disabling mental limitations. Carmickle, 533 F.3d at 1161.

### III. Medical Opinion Evidence

Plaintiff next argues that the ALJ improperly rejected the opinion of Lee Marshall, D.O. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" Id. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Dr. Marshall was one of Plaintiff's treating physicians. He provided a two-sentence opinion that stated Plaintiff was "unable to work at this time" and that Plaintiff's medication "interferes with his level of alertness, attention and concentration." Tr. 70, 1589.

The ALJ rejected Dr. Marshall's opinion because he failed to provide any specific functional limitations. Tr. 69. The ALJ may reject a "conclusory" medical opinion that lacks "specific findings that were useful in the disability determination." Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999), as amended (June 22, 1999). Here, Dr. Marshall failed to set forth any functional restrictions or evidence to support his conclusions, and the ALJ was therefore entitled to reject it. Meanel, 172 F.3d at 1114.

Plaintiff argues that the ALJ's rejection of this opinion was error because the opinion was supported by the opinions of Ms. Weaver and William Ryan, M.D. The ALJ, however, rejected both Ms. Weaver and Dr. Ryan's opinions as unsupported and conclusory, and Plaintiff did not contest these findings in his opening brief. Plaintiff also argues that treatment provider Standish McCleary, Ph.D., supported Dr. Marshall's opinion because he indicated that Plaintiff would be incapable of working. On the contrary, Dr. McCleary opined that Plaintiff would not be able to work specifically as a corrections officer. Tr. 1707. Dr. McCleary's opinion is consistent with the ALJ's finding that Plaintiff could perform simple, repetitive work. Tr. 66, 72. On this record, the ALJ's rejection of Dr. Marshall's brief opinion was not error. See Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (A medical opinion's consistency with the record as a whole is a relevant consideration in evaluating a physician's opinion).

**IV.     Lay Witness Testimony**

Plaintiff argues, finally, that the ALJ improperly rejected the lay testimony of his spouse Stacy W., who submitted a third-party function report regarding Plaintiff's limitations. Tr. 68-69, 276-83. Ms. W. reported that Plaintiff suffered from serious depression, anxiety, and agitation, which affected Plaintiff's memory, concentration, attention, and understanding. Tr. 276, 281.

The ALJ may discount a lay witness opinion if he provides germane reasons for doing so. Dale v. Colvin, 823 F.3d 941, 943 (9th Cir. 2016). Here, the ALJ found that Ms. W.'s testimony conflicted with objective testing in the medical record which showed that Plaintiff's memory was intact for both recent and remote events. Tr. 1727. Further, her opinion was contradicted by an examination in which Plaintiff showed no signs of depression, anxiety, or agitation. Tr. 1727. In contrast with Ms. W.'s statement that Plaintiff was too "angry or depressed to go anywhere" and had "little to no interest in[] leaving the house," Plaintiff also acknowledged in his application that he left the house at least twice every day to be with his children. Tr. 268, 280, 331. On this record, the ALJ provided germane reasons for rejecting Ms. W.'s lay opinion and his opinion is affirmed. Dale, 823 F.3d at 943.

## CONCLUSION

For the reasons stated above, the Commissioner's final decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 28 day of April 2021.

Marco Hernandez
United States District Judge